UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEDRICK PERKINS**                                                           **CIVIL ACTION**

**VERSUS**                                                                    **NO. 23-910-SDD-SDJ**

**FOREMOST INSURANCE COMPANY**

## ORDER DENYING MOTION TO DISMISS

On August 27, 2023, Plaintiff filed suit against his homeowner's insurer, Foremost Insurance Company (Defendant), for damage to his rental property sustained during Hurricane Ida. In response, Defendant filed a Motion to Dismiss (R. Doc. 18) on January 26, 2024, arguing for dismissal on two distinct grounds.

First, Defendant seeks dismissal pursuant to Rule 12(b)(5), claiming Plaintiff failed to meet Rule 4(m)'s 90-day service deadline. Second, Defendant argues Plaintiff cannot state a claim for relief and the case should be dismissed under Rule 12(b)(6) because "the correct plaintiff is not named in the pleadings." (R. Doc. 18-1 at 2).

Just days later, on February 9, 2024, Plaintiff filed a Motion for Leave (R. Doc. 21) to file an Amended Complaint (R. Doc. 21-2). The proposed amendment would not only cure the defect raised in the Motion to Dismiss by naming the correct plaintiff — Bay Lane, Inc. — it also seeks damages for 15 additional rental properties covered by the policy and damaged in Hurricane Ida. This Motion for Leave is opposed by Defendant. (R. Doc. 24).

The Court below resolves the pending Motion to Dismiss (R. Doc. 18), bearing in mind the parties' arguments and the pending Motion for Leave to Amend (R. Doc. 21).

### A.      Untimely Service of Process

Rule 4(m) requires service within 90 days of the Complaint being filed. If this deadline is not met, the Court will either "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). To be clear, Rule 4(m) "broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20 at 21 (5th Cir.1996).

Here, Plaintiff filed suit on August 27, 2023, making the deadline for service Monday, November 27, 2023.[1] Plaintiff did not perfect service, however, until December 8, 2023—11 days late.

It seems clear that service was untimely. However, Plaintiff argues it was timely based on the Court's General Order (No. 2023-12) allowing attorneys 120 days to conduct Rule 11 investigations after filing any Complaint on behalf of a former MMA client. (R. Doc. 1-2) (Certification). While that General Order did provide a 120-day investigative period, it did not seem to suspend, extend, or otherwise relate to, the 90-day deadline for service under Rule 4(m). Nonetheless, service was only 11 days late in this litigation. This is negligible. And the Court, exercising its broad discretion, declines to dismiss on this set of facts—regardless of any good cause.

---

[1] Defendant insists the deadline for completing service was November 25, 2023. (R. Doc. 18-1 at 5). This is incorrect. While November 25th was 90 days after the filing of the Complaint, it was also a Saturday. When a period "ends on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). And so, the 90-day period continued until the following Monday, November 27, 2023.

Beyond that, the statute of limitations would likely preclude refiling if the suit were dismissed for untimely service. (R. Doc. 22 at 14-15). In that case, a "heightened standard" would be applied as any dismissal would, in effect, be one with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). This "heightened standard" requires a clear record of delay or willful conduct by the plaintiff, which are not present here. *See Thomas v. Gulotta*, 2018 WL 2750230, at *2 (M.D. La. June 7, 2018) ("[A]delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant period of total inactivity."). Finally, courts also consider aggravating factors, like whether the delay in service resulted in any "*actual* prejudice" to the defendant. *Pennington v. Selective Ins. Co. of Southeast*, 2018 WL 6005499, at *1 (M.D. La. Nov. 14, 2018) (emphasis added).

Perhaps most significant, Defendant has not shown, or even suggested, any prejudice resulting from the 11-day delay in service. Instead, it simply seeks dismissal based on a negligible technicality. This type of gamesmanship does little more than waste time and clog this Court's already-crowded docket. Therefore, the Court will not dismiss. *See Alden v. Allied Adult & Child Clinic, L.L.C.*, 2002 WL 1684553, at *1 (E.D. La. July 22, 2002) (denying motion to dismiss for untimely service and explaining "while there is little evidence presented explaining the delay, Dr. Bordonaro has not suffered any prejudice as a result of the untimely service"); *Fussell v. Johnson & Johnson*, 2021 WL 10894142, at *2 (E.D. La. Sept. 29, 2021) ("[A] discretionary extension is proper even though Plaintiffs failed to show good cause. First, if the case were to be dismissed . . . . a new complaint, it would be subject to possible dismissal due to the statute of limitations. Second, Defendants have been aware of Plaintiffs' potential lawsuit because they have engaged in negotiations with the Plaintiffs for years. There is no prejudice to the Defendants . . . .").

And while service has already been perfected, the Court will nonetheless extend Rule 4(m)'s deadline by 11 days, making Plaintiff's December 8, 2023 service on Defendant timely. For the reasons given above,

**IT IS ORDERED** that Defendant's Motion to Dismiss (R. Doc. 18) is **DENIED** to the extent Defendant seeks **dismissal** pursuant to **Rule 12(b)(5)**.

### B. Failure to State a Claim

Defendant next argues that the actual insured is not the named Plaintiff. Therefore, the named Plaintiff cannot state a claim for relief and the case should be dismissed under Rule 12(b)(6). (R. Doc. 18-1 at 4). Plaintiff seeks to remedy this defect in the proposed Amended Complaint. (R. Doc. 21-2) (naming the correct party as plaintiff). The Motion for Leave to Amend (R. Doc. 21) remains pending before the magistrate judge. If that Motion is granted, this issue will become moot. Therefore, to conserve judicial resources, the Court will deny this portion of the Motion to Dismiss without prejudice, allowing the magistrate judge to determine the propriety of amendment. If the Motion for Leave is denied, and this issue remains, Defendant's Motion to Dismiss can be refiled. And so,

**IT IS ORDERED** that Defendant's Motion to Dismiss (R. Doc. 18) is **DENIED without prejudice** to **refile**, if necessary, following resolution of the Motion for Leave to Amend.

**IT IS SO ORDERED**.

Baton Rouge, Louisiana, this 15th day of April, 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**